IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAUNCIL-DANIELLE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-2348-E-BH |
| ) | |
| STATE OF TEXAS, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form),* filed on October 25, 2022 (doc. 10), should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On October 19, 2022, the *pro se* plaintiff filed this civil action that appears to arise from an eviction or foreclosure proceeding against numerous defendants, and she sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Notice of Deficiency and Order* dated October 21, 2022, she was notified that her IFP application did not provide enough information for determination of whether IFP status was appropriate. (*See* doc. 7.) She was ordered to file a fully completed and signed IFP application on the long form within fourteen days, and she was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

On October 25, 2022, the plaintiff filed two amended complaints and an IFP application. (*See* docs. 8-10.) By *Second Notice of Deficiency and Order* dated October 27, 2022, she was notified that

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

her long form IFP application did not provide enough information for determination of whether IFP status was appropriate because it had not been fully completed. (*See* doc. 11.) She was again ordered to submit a fully completed and signed IFP application within fourteen days and specifically advised that a failure to comply could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

More than fourteen days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed a fully completed IFP application or anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, despite several opportunities, the plaintiff has not submitted a fully completed IFP application as ordered. She has therefore not shown that she will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and her application to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court

calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with orders to submit a fully completed IFP application despite warnings that failure to do so could result in dismissal of the case.  She has not filed anything else in the case since October 25, 2022.  Because the plaintiff failed to follow court orders or otherwise show that she intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's IFP application should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless she files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 18th day of November, 2022.

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE